Peelle, Ch. J.,
delivered the opinion of the court:
The claim herein for property stolen and carried away by Comanche Indians in September, 1866, from the claimant’s decedent, Kenarta, a Chickasaw Indian residing on the Chickasaw Reservation, for which indemnity is sought under article 14 of the treaty between the United States and the Choctaw and Chickasaw Indians of June 22, 1855 (11 Stat. L., 614), reaffirmed by articles 10 and 45 of the treaty between the same persons of April 28, 1866 (14 Stat. L., 774, 779), is in all respects similar to the case of Amos II. Hayes, administrator, etc., v. The United States (ante 522), except that the claim in the present case was transmitted to the court by the Secretary of the Treasury after the same had been certified to that department by the Secretary of the Interior.
In that case, as in this, the jurisdiction of the department to transmit the claim under section 2 of the act of March 3, .1883 (22 Stat. L., 485), is questioned, though not seriously urged.
*504 In the Hayes case, supra, we held that the authority to investigate this class of claims had not been taken away from the Secretary of the Interior by section 13 of the act of March 3, 1891 (26 Stat. L., 851), but that he was still possessed with authority to investigate the claims of Indians for depredations by Indians in violation of treaty stipulations, and that when such investigation had been made the result thereof, whether for or against the allowance of such claim, should be certified to the Treasury Department for final settlement and adjustment under Revised Statutes, section 236.
In the present case we have not only considered the controverted question of law involved, but' we have- considered the evidence and found the facts respecting the merits of the claim, though the administrative examination of such claims rests in the first instance with the Interior Department, charged with Indian affairs, if, indeed, the conclusion of " that department, on the facts before it respecting such claims, is not conclusive on the claimant in the absence of fraud or mistake.
In the case of Medbury v. United States (173 U. S., 492, 497), being an action to recover under the act of June 16, 1880 (21 Stat. L., 287), an excess payment for lands entered within the limits of a railroad grant where the grant was subsequently forfeited, the court said:
“ If there were any disputed questions of fact before the Secretary, his decision in regard to those matters would probably be conclusive,'and would not be reviewed in any court. But where, as in this case, there is no disputed question of fact, and the decision turns exclusively upon the proper construction of the act of Congress, the decision of the Secretary-refusing to make the payment is not final, and the Court of Claims has jurisdiction of such a case.”
We do not hold that the administrative examination by the Secretary of the Interior, on the facts before him, is conclusive on the accounting officers, as the practice of the accounting officers has been, we are advised, as stated by the assistant comptroller in the case of Overton Love (7 Comp. Dec., 308, 312), where he says, “ Neither the Secretary nor *505 the commissioner is empowered to make a settlement, their, authority being administrative and advisory; but the accounting officers should hesitate to make an allowance on such claims greater than that approved by the administrative officers.” In that same case, respecting the jurisdiction of the accounting officers to consider such claims without administrative examination by the Interior Department, it is said: “ This conclusion is reached without assenting to the view of the auditor that he is without jurisdiction to settle the claim before the required administrative examination .has been made. Sections 464 and 466, Bevised Statutes, are not, in my opinion, jurisdictional statutes, a full compliance with which is indispensable to enable the auditor to obtain jurisdiction. Those sections are directory, and as obligatory upon the officers referred to therein as if they were mandatory, yet a failure to comply with their requirements can not debar the auditor from his jurisdiction under section 236, Bevised Statutes, a transmission to the auditor being all that is necesary to invest him with jurisdiction.”
On the authority of that case by the assistant comptroller holding that the transmission of such claim to the auditor was all that was necessary “ to invest him with jurisdiction,” we conclude that the present claim was pending in the department at the time of its reference to the court. And as by section 2 of the act of March, 1883, under which the reference was made, it is provided “ That when a claim or matter is pending in any of the executive departments which may involve controverted questions of fact or law the head of such department may transmit the same to said court,” we must hold that the Secretary of the Treasury had the author - ity to so transmit the claim.
The foregoing findings of fact and conclusion of law, together with this opinion, are ordered to be certified to the Secretary of the Treasury for his guidance and action.